[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Connecticut Natural Gas Corporation's ("CNG") moves to strike counts two and four of the complaint on grounds that the plaintiffs cannot recover for economic loss in a common law negligence action absent a showing of contractual privity, personal injury or property damage.
On June 15, 1995, the plaintiffs, Reiner Reiner, P.C. ("Reiner") and Intertown Realty Company ("Intertown"), filed a four count complaint against the defendants, Connecticut Natural Gas Corporation ("CNG") and Hubble Construction Corporation ("Hubble"), alleging that the defendants negligently caused a gas leak near the plaintiffs' respective offices. The plaintiffs contend that defendant Hubble was negligent in the excavation and installation of a sewer system in an area directly adjacent to the plaintiffs' place of business. Plaintiffs further contend that defendant CNG was negligent in improperly marking the location of its gas pipes and in failing to provide Hubble with accurate maps of the gas pipes.
In count two of the complaint, plaintiff Reiner alleges that on May 17, 1994 CNG negligently caused a gas leak adjacent to the plaintiff's place of business. Reiner further alleges that the gas leak resulted in the evacuation of the building and forced the plaintiff to shut down its office for more than six hours. As a result, Reiner claims to have incurred economic damages, including wages paid to employees for time not worked, overhead and lost business. In count four of the complaint, plaintiff Intertown makes similar allegations concerning its business operations and also seeks recovery for its economic damages.
The defendant CNG filed a motion to strike on July 25, 1995 claiming that counts two and four of the complaint fail to state a cause of action upon which relief can be granted. Specifically, CNG asserts that these counts seek to recover indirect economic damages which are not recoverable absent contractual privity between the parties, or a showing by the plaintiffs of personal injury or property damage.
The motion was presented to the court on September 5, 1995. On August 24, 1995, the plaintiffs filed papers in opposition to defendant CNG's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a CT Page 13786 motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation and internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862
(1992).
In its motion to strike, defendant CNG argues that "[t]he long established common law rule in this state is that in the absence of privity of contract between the plaintiff and defendant, or of an injury to the plaintiff's person or property, a plaintiff may not recover in negligence for a purely economic loss." (Citations omitted.) DeVillegas v. Quality Roofing, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294190 (December 1, 1993, Freedman, J.). CNG argues that both Reiner and Intertown have failed to allege contractual privity with CNG, personal injury, or property damage from the incident. As a result, CNG contends that no cause of action exists. According to CNG, Reiner and Intertown have merely alleged "indirect" economic losses, which are not recoverable. CNG contends that a plaintiff cannot recover for economic harm that is simply too tenuous to impose liability for such collateral consequences." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 388, 650 A.2d 153 (1994).
A review of the facts in the complaint leads the court to the conclusion that, although the plaintiffs have failed to allege the requisite privity of contract, they have successfully alleged direct damages. The plaintiffs were forced to evacuate their offices due to a gas leak caused by the alleged negligence of CNG. The evacuation of the premises resulted in a shut down of their business. Consequently, the plaintiffs incurred damages in the form of payment of wages and benefits to employees who were unable to work, overhead expenses, and lost business. Construing the facts in the complaint most favorably to the plaintiffs, the court finds that the plaintiffs' economic losses are not too remote to be chargeable to the defendant.
For the foregoing reasons, CNG's motion to strike is denied.
M. Hennessey, J. CT Page 13787